Syllabus.

error: Vulcanite Paving Co. v. Philadelphia, 115 Pa. 291;
§ 13, act of May 13, 1856, P. L. 570; act of June 1, 1885, P. L.
42; Shreve v. Brereton, 51 Pa. 175; March v. Allabough, 103
Pa. 336; Pennypacker v. Jones, 106 Pa. 242; Lauman v.
Young, 31 Pa. 307.

*Mr. Abraham M. Beitler*, Assistant City Solicitor (with him
*Mr. Charles F. Warwick*, City Solicitor), for the appellee.

On the first assignment, counsel cited: Act of May 25, 1887,
P. L. 271; act of April 21, 1858, P. L. 387; Leibert v. Hocker,
1 Miles 263. On the second assignment: Addison on Con-
tracts, 399; Mathews v. Sharp, 99 Pa. 560; March v. Alla-
bough, 103 Pa. 341; Shreve v. Brereton, 51 Pa. 175; Wolf
Creek etc. Coal Co. v. Schultz, 71 Pa. 180; Bigony v. Tyson,
75 Pa. 157; Gillis v. Hall, 7 Phila. 422; Streeper v. Williams,
48 Pa. 450; Westerman v. Means, 12 Pa. 97; 2 Greenl. Ev.,
§§ 258–9.

PER CURIAM:

We need not discuss the first specification of error, as we all
regard the affidavit of defence sufficient to send the case to a
jury; and, because it must be passed upon by a jury and may
come up again in another form, we decline, for obvious reasons,
to comment further upon the affidavit.

　　　　　　　　　　　　　　　　　　　　　　　　Affirmed.

---

## JAMES MAGUIRE v. HARRY PRICE.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 1 OF PHILADELPHIA COUNTY.

Argued January 23, 1890—Decided February 3, 1890.

The evidence of plaintiff in ejectment, to the effect that the property was
　sold at sheriff's sale to the plaintiff's creditors upon a judgment entered
　on a note given to secure existing and future indebtedness, under an
　agreement, made at the time the note was given and renewed at the
　time of the sale, that if the obligees became the purchasers they would
　reconvey to plaintiff on payment of his indebtedness in full, and that

the ejectment defendant had purchased from the sheriff's vendees with knowledge of this agreement, was insufficient to authorize recovery, and it was not error to enter judgment of nonsuit.

Before PAXSON, C. J., CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 135 July Term 1889, Sup. Ct.; court below, No. 41 June Term 1888, C. P. No. 1.

On June 20, 1888, James MaGuire brought ejectment against Harry Price, tenant in possession of No. 744 Bainbridge street. Issue.

At the trial on May 15, 1889, the plaintiff showed, as it was claimed in his behalf, that in 1877 he was indebted to the firm of Washington Butcher's Sons, provision dealers, in the sum of $700, and, to secure them for this amount and for future indebtedness, he gave them a note with warrant of attorney for $1,200, with the assurance, however, from the firm, that the judgment should not be used to his prejudice, but held as a security only, and that if used, the real estate bound by it should be bought in by the firm and held for plaintiff's benefit until his indebtedness should be paid, when they would reconvey to him; that he subsequently became embarrassed, and Albert Miller, one of the firm of Washington Butcher's Sons, suggested that the property of plaintiff should be sold at sheriff's sale, bought in by the firm for plaintiff's benefit, and when the debt was paid a reconveyance should be made to him; that the plaintiff consented, and the property was struck down for $50 to Miller.

It was further shown that the plaintiff's son was in possession of the property for some time after the sheriff's sale, as tenant under the purchasers, until dispossessed by the latter; that although receipts were given for money paid as rent, it was not to be so considered by the parties. The sheriff's vendee afterwards conveyed to one O'Rourke, but the latter had previously been informed of the agreement with reference to the sale of the property at sheriff's sale. At the time of the sale the plaintiff's indebtedness was about $900: $240 was paid while the plaintiff and his son held possession after the sale by the sheriff. The property cost the plaintiff $3,500.

Opinion of the Court.

The sheriff's vendees had charged the costs of the sheriff's sale to the plaintiff and had credited to him the amount received for the property from O'Rourke.

At the close of the plaintiff's testimony, on motion of defendant, the court entered judgment of nonsuit. A rule to vacate the judgment having been discharged by the court in banc, the plaintiff took this appeal, assigning the entry of the judgment of nonsuit and the refusal to vacate it for error.

*Mr. Aaron Thompson,* for the appellant.

Counsel cited : Seichrist's App., 66 Pa. 237 ; Faust v. Haas, 73 Pa. 295 ; Wolford v. Herrington, 74 Pa. 311 ; Beegle v. Wentz, 55 Pa. 369 ; Boynton v. Housler, 73 Pa. 453 ; Kimmel v. Smith, 117 Pa. 183 ; Anderson v. Brinser, 129 Pa. 376.

*Mr. Henry C. Thompson,* for the appellee.

Counsel submitted : That there was nothing in plaintiff's testimony that showed any facts that would make the purchaser at the sheriff's sale a trustee ex maleficio. On the contrary, the testimony was : 1. That there was an indebtedness of $900, for which the Butchers had a judgment. 2. That there was a sheriff's sale, at which the plaintiff in execution bought and paid the purchase money. 3. That there was a rental of the premises by the purchaser to defendant's son, who paid rent. 4. That plaintiff, who occupied the premises, under the lease to his son, was dispossessed under a landlord and tenant proceeding. 5. That some years afterward the plaintiff paid the Butchers the amount of his indebtedness to them, as appeared by a statement of account in which he was given credit for the amount realized from the sale to O'Rourke. Upon these facts two nonsuits had been granted.

PER CURIAM:

Judgment affirmed.